**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DANIEL ROSARIO-GONZALEZ,**

    **Plaintiff,**

v.                                                                   Case No: 5:16-cv-106-Oc-CEMPRL

**UNITED STATES OF AMERICA**

    **Defendant.**

___

# ORDER

Plaintiff, proceeding *pro se*, has filed a complaint against the United States and has filed a first (Doc. 2) and a second motion (Doc. 3) to proceed *in forma pauperis*. The claims appear to arise out of an incident that occurred at a Veterans hospital in San Juan, Puerto Rico. Plaintiff appears to allege a wrongful death claim against Defendant, along with claims for medical negligence, constitutional violations, physical injuries, loss of benefits, failure to detect and diagnose Al Amyloidosis and Alzheimer's disease, and failure to treat in a timely manner. He also lists in his complaint three other consolidated cases (3:09-cv-2200, 3:2012-cv-1201 and 3:2012-cv-1208), all of which appear to have been litigated in the United States District Court for the District of Puerto Rico. Because the claims set forth in his complaint are deficient, I will **defer ruling** on the motion and afford him an opportunity to file an amended complaint that meet the requirements set forth in this Order.

    **I.**    **LEGAL STANDARDS**

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security

therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at

678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the

Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

In a lawsuit against a federal employee for a constitutional violation, it is well established that government agents are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736. To state a plausible claim for relief, the facts alleged by the Plaintiff must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003). Indeed, there is no vicarious liability for constitutional claims against individual government actors: "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677.

**II.   DISCUSSION**

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Upon review, Plaintiff's complaint is deficient. If Plaintiff wishes to proceed *in forma pauperis*, he must address the deficiencies in an amended complaint.

As a threshold matter, it appears that this case is currently being litigated in the United States District Court for the District of Puerto Rico. Plaintiff's complaint mentions a list of consolidated cases from the District of Puerto Rico, namely 3:2009-cv-2200, 3:2012-cv-1201, and

3:2012-cv-1208. In those cases, it appears that Plaintiff (and another party) have brought several claims against the United States seeking damages for the wrongful death of Plaintiff's father, and at least one of those claims is still pending. *See, e.g.*, *Rosario Gonzalez v. United States*, 898 F. Supp. 2d 410, 413 (D.P.R. 2012) *aff'd in part, vacated in part sub nom.*, 544 F. App'x 5 (1st Cir. 2013). In any event, this Court cannot litigate a case that is ongoing in another district.

In fact, it appears from the complaint that venue would not lie in this district, but, as plead, may lie in Puerto Rico. A plaintiff can seek relief against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346, but such a suit "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *See* 28 U.S.C. § 1402. Plaintiff clearly alleges that he is a citizen of, and domiciled in, Puerto Rico and that the events giving rise to his claim occurred at the "Veterans Hospital San Juan Puerto Rico." Thus, the complaint cannot proceed here for lack of venue.

Additionally, Plaintiff's complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff's factual narrative is not a short and plain statement of his claims, as required by Rule 8, Fed. R. Civ. P.,[1] nor is it presented in numbered paragraphs that are limited to a single set of circumstances, as required by Rule 10, Fed. R. Civ. P.[2] Instead, he sets forth seven apparent "causes of action," all against Defendant United States and all of which lack the factual support necessary to set forth "plausible" claims.[3] *See Iqbal*, 556 U.S. at

---

[1] Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

[2] Under Rule 10(b), a party "must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

[3] The Complaint's fact section, reads as follows: "1. Medical Negligence - Defendant USA. 2. Constitutional Violations - Defendant USA. 3. Physical Injuries - Defendant USA. 4. Loss of Benefits - Defendant USA. 5. Failure to detect and diagnose Al Amyloidosis and Alzheimers Disease - Defendant USA. 6. Failure to treat in a timely manner - Defendant USA." (Doc. 1).

678 (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Plaintiff's failure to comply with Rules 8(a)(2) and 10(b) is in itself sufficient grounds to require Plaintiff to amend his complaint, and if he intends to proceed IFP, as opposed to paying the filing fee, then he must. *See, e.g.*, *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

### III.   CONCLUSION

In addition to the Court's responsibility under 28 U.S.C. § 1915(e)(2) to review the Complaint to determine whether it states a cause of action, a district court also has the authority *sua sponte*, to require a plaintiff to file an amended complaint if the original complaint fails to comply with the Federal Rules of Civil Procedure. *See, e.g.*, *Fikes*, 79 F.3d at 1083 n.6. In this case, Plaintiff shall be required to submit an amended complaint that complies with the Federal Rules of Civil Procedure.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff files an amended complaint, the amended complaint must contain all of Plaintiff's (amended) allegations and should not in any way refer to the original complaint. The amended complaint will completely replace the original complaint, which thereafter will be disregarded. Plaintiff should file the amended complaint with an original signature with the Court and keep an identical copy for himself.

Accordingly, it is hereby **ORDERED**:

- 7 -

1.      Plaintiff's second Motion to Proceed *in forma pauperis* (Doc. 3) is **TAKEN UNDER ADVISEMENT**.  Plaintiff's first motion to proceed *in forma pauperis* (Doc. 2) is **TERMINATED AS MOOT**.

2.      Plaintiff's other motions (Doc. 4, 5, 6, 7) are **DENIED WITHOUT PREJUDICE** and may be re-filled if his motion to proceed *in forma pauperis* is granted.

2.      Plaintiff shall have until **April 22, 2016** to file an amended complaint.  The amended complaint shall comply with all of the pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida.  Plaintiff must also set forth this Court's venue.

3.      Failure to file an amended complaint as discussed in this Order will result in a recommendation that Plaintiff's Motion to Proceed *in forma pauperis* be denied and that Plaintiff's complaint be dismissed.

4.      Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court.  Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

**DONE** and **ORDERED** in Ocala, Florida on March 31, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties