# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DANIEL ROSARIO-GONZALEZ,**

    **Plaintiff,**

**v.**                                                                    **Case No: 5:16-cv-106-Oc-CEMPRL**

**UNITED STATES OF AMERICA**

    **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

Before the court is the *pro se* Plaintiff's motion to proceed *in forma pauperis.* (Doc. 3). On March 31, 2016, this Court deferred ruling on the motion and gave Plaintiff until April 22, 2016 to amend his deficient Complaint. (Doc. 9). To date, although Plaintiff has filed a vague motion for clarification (Doc. 10), he has not filed an amended complaint. Further, the Court directed Plaintiff to cease emailing chambers (Doc. 11), but he has ignored that order. Upon due consideration, I recommend that his motion to proceed *in forma pauperis* (Doc. 3) be denied, his Complaint (Doc. 1) be dismissed, and his motion for clarification (Doc. 10) be terminated as moot.

### I.  LEGAL STANDARDS

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

*pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). The district court may dismiss a complaint under § 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. For example, the absolute immunity of the defendant would justify the dismissal of a claim as frivolous. *Id.* at 640, n. 2. "When the defense is apparent from the fact of a complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8, and explained further in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) *and Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit utilizes a two-pronged approach in its application of the holdings in *Iqbal* and *Twombly*. First, "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). In applying these principles, the Court can infer "'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 682). In short, the law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the

Unites States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and § 1332.

## II. DISCUSSION

Although Plaintiff is proceeding without a lawyer, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Upon review, the Court finds Plaintiff's Complaint (Doc. 1) to be deficient.

As an initial matter, Plaintiff's factual narrative is not a short and plain statement of his claims, as required by Rule 8. As set forth in this Court's previous order, under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 9, p. 5). Instead, his Complaint is comprised of seven apparent "causes of action," all against Defendant United States and all of which lack the factual support necessary to set forth "plausible" claims. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Accordingly, given Plaintiff's failure to file a pleading that complies with Rule 8, this Court recommends that his motion to proceed *in forma pauperis* be denied and that his Complaint be dismissed.

Further, given the sparse facts contained in the Plaintiff's Complaint, it is presently unclear whether this case is already—or was—being litigated in the United States District Court for the District of Puerto Rico. As previously noted, "this Court cannot litigate a case that is ongoing in another district." (Doc. 9, p. 5).

In Plaintiff's motion titled "Clarification and Request Motion" (Doc. 10), he asserts that he has voluntarily dismissed his action in the District of Puerto Rico.[2] Yet, even assuming that Plaintiff has voluntarily dismissed his case in the District of Puerto Rico, "it appears from the complaint that venue would not lie in this district, but, as plead, may lie in Puerto Rico." (Doc. 9, p. 5). As the Court previously noted, Plaintiff appears to allege "that he is a citizen of, and domiciled in, Puerto Rico and that the events giving rise to his claim occurred at the 'Veterans Hospital San Juan Puerto Rico.'" (Doc. 9, p. 5). Without venue, this case cannot proceed in this district.

Finally, on April 13, 2016, this Court ordered Plaintiff to cease emailing chambers. (Doc. 11). However, chambers has subsequently received several more emails from Plaintiff. Plaintiff is reminded of the April 13, 2016 order (Doc. 11) and the Court notes that any email (and any attachment) sent to chambers is not part of the record in this case. Accordingly, any further failure to comply with this order to cease emailing chambers may result in monetary sanctions.[3]

### III.  RECOMMENDATION

Upon due consideration, it is **RECOMMENDED** that the motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**, the Complaint (Doc. 1) be **DISMISSED**, and the motion for clarification (Doc. 10) be **TERMINATED AS MOOT.**

**DONE** and **RECOMMENDED** in Ocala, Florida on April 25, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] Given the motion's vague nature, it is unclear what relief Plaintiff seeks. (Doc. 10).

[3] This Court, of course, has inherent authority to manage its affairs and sanction parties for conduct that abuses the judicial process. *Fidelity Land Trust Company, LLC v. Security National Mortgage Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013).

- 6 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy