**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DANIEL ROSARIO-GONZALEZ,**

    **Plaintiff,**

**v.**                                                   **Case No: 5:16-cv-106-Oc-CEMPRL**

**UNITED STATES OF AMERICA**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

*Pro se* Plaintiff filed this case in February of this year. (Doc. 1). He then moved to proceed *in forma pauperis.* (Doc. 3). Ultimately, the Court denied his request. (Docs. 12, 13, 21).

Now, Plaintiff seeks to proceed on appeal *in forma pauperis*. (Doc. 23). After reviewing his motion, I deferred ruling and afforded Plaintiff an opportunity to file a new affidavit, as his original affidavit failed to comply with the Federal Rule of Appellate Procedure 24. (Doc. 25). Plaintiff has now clarified that he intends to challenge on appeal the Court's reasons for denying his motion to proceed at trial *in forma pauperis*. (Doc. 26).

### I. LEGAL STANDARD

Under Federal Rule of Appellate Procedure 24, a motion to proceed *in forma pauperis* on appeal must be filed in the district court and must have an attached affidavit that (1) shows the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

party's inability to pay, (2) claims an entitlement to redress, and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis* on appeal, however, the Court is obligated to ensure the appeal is being taken in "good faith." 28 U.S.C. § 1915(a)(3).

"Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard." *United States v. Terry*, No. 8:97-CR-273-T-23TBM, 2016 WL 406863, at *2, n.1 (M.D. Fla. Jan. 6, 2016), *report and recommendation adopted*, No. 8:97-CR-273-T-23TBM, 2016 WL 398160 (M.D. Fla. Feb. 2, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An issue is frivolous if it is without arguable merit either in law or fact." *Miller v. City of Atl. Beach*, No. 3:15-CV-209-J-34PDB, 2015 WL 7731472, at *5 (M.D. Fla. Nov. 4, 2015), *report and recommendation adopted*, No. 3:15-CV-209-J-34PDB, 2015 WL 7721278 (M.D. Fla. Nov. 30, 2015). In this context, a claim "'capable of being convincingly argued'" is considered "arguable." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990)).

## II.  DISCUSSION

As noted above, Plaintiff is proceeding *pro se* in this action. Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

On appeal Plaintiff intends to challenge the Court's findings and conclusions that his complaint lacked factual support, that he declined to file an amended pleading, and that venue does

not lie in this district under 28 U.S.C. § 1402. (Doc. 26). Based on the issues, I cannot say that Plaintiff has presented a claim for appeal capable of being convincingly argued.

As to his complaint's lack of factual support, I first deferred ruling on Plaintiff's motion to proceed at trial *in forma pauperis* because his pleading did not comply with Federal Rule of Civil Procedure 8 and lacked "the factual support necessary to set forth 'plausible' claims." (Doc. 9, p. 5). Indeed, as I have already noted, "[t]he Complaint's fact section, reads as follows: '1. Medical Negligence - Defendant USA. 2. Constitutional Violations - Defendant USA. 3. Physical Injuries - Defendant USA. 4. Loss of Benefits - Defendant USA. 5. Failure to detect and diagnose Al Amyloidosis and Alzheimers Disease - Defendant USA. 6. Failure to treat in a timely manner - Defendant USA.'" (Doc. 9, footnote 3 (quoting Doc. 1).

But despite having a chance to amend his pleading, Plaintiff did not. And then, after I recommended that Plaintiff's motion to proceed *in forma pauperis* at trial be denied as he had failed to set forth plausible claims for relief and failed to comply with Rule 8, Plaintiff did not object to those findings—nor did he file an amended pleading then. (Docs. 12, p. 4; 13; 21, p. 1). Thus, given Plaintiff's bare complaint, the opportunities afforded to Plaintiff to file an amended pleading, and his failure to object to my report and recommendation on the grounds that his pleading was sufficient, I cannot say that this argument has merit.

Next, as to Plaintiff's argument that the district court erred by finding that he failed to file an amended pleading, I submit that this argument is meritless too. Nowhere on the docket is a filing labeled "amended complaint"; the only complaint on the docket is Plaintiff's initial pleading filed at the start of this case. (Doc. 1). And although Plaintiff has filed numerous motions and

supplements, none of those filings contain a complaint.[2] (Docs. 2, 3, 4, 5, 6, 7, 8, 10, 13, 14, 16, 17, 19, 23, 26). Most notably, Plaintiff does not point to any document that purportedly contains an amended complaint. (Doc. 26).

Finally, as to Plaintiff's argument that the district court erred in finding that venue does not lie in this District, I note that while Plaintiff's motion to proceed on appeal *in forma pauperis* mentions that he is relocating to Ocala, the motion lists a Puerto Rico address as his current mailing address. (Doc. 23). And his last communication with the Court lists a Puerto Rico mailing address too. (Doc. 26). With no evidence the Plaintiff resides in this District, I must recommend that any argument that he does reside here is meritless. Further, as already noted (Docs. 12, 21), Plaintiff asserts that the tort in question occurred in Puerto Rico (Doc. 1).

Thus, based on these arguments, I cannot recommend that this appeal is taken in good faith.

### III.  RECOMMENDATION

Upon due consideration, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* on appeal (Doc. 23) be **DENIED** and that the Clerk be directed to notify the Court of Appeals in accordance with Rule 24(a)(4), Fed. R. App. P., in the event Plaintiff's motion is denied.

**RECOMMENDED** in Ocala, Florida on November 28, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] At most, Plaintiff attached a copy of his original complaint as an exhibit to a motion (Doc. 10, Ex. 7), and he mailed a memory stick to the Court that contains numerous documents, none of which are titled complaint (or amended complaint) and none of which contain a pleading—the documents are voluminous medical records and information relating to another case from Puerto Rico (Doc. 17).

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties